OR___ ___AL

FILED IN CLERK'S OFFICE
J.S.D C -Atlanta

DEC 1 - 2004

LUTHER D. THOMAS, Clerk
By: _____
Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

ROBERT J. KOLENCIK, Individually : 
and as Administrator of the Estate of :
MELISSA KOLENCIK, :
 :
 : **CIVIL ACTION FILE**
Plaintiff, :
 : **NO. 1 04 CV 3507**
 :
vs. :
 :
PROGRESSIVE PREFERRED :
INSURANCE  COMPANY and : **-JOF**
GULF INSURANCE COMPANY, :
 :
Defendants. :

## COUNT ONE
## COMPLAINT FOR DAMAGES

1.

The plaintiff Robert J. Kolencik is a citizen and resident of the State of

Georgia   He is the surviving spouse of his deceased wife, Melissa Kolencik, who

was killed in a motor vehicle collision which occurred in Cobb County, Georgia on

August 27, 2003.   Plaintiff proceeds in this matter individually and as the

Administrator of the Estate of his deceased wife which Estate also resides and exists

in Cobb County, Georgia.

FORMS RECEIVED
Consent To US Mag
Pretrial Instructions
Title VII NTC

2.

The Progressive Preferred Insurance Company is a corporate citizen and resident of the State of Ohio. Nonetheless, it is authorized to conduct business in the State of Georgia and in the normal course of its business activities insured an entity by the name of T. I. Wood Enterprises, Inc. Said defendant has appointed as it registered agent for service of process within the State of Georgia C. T. Corporation System, 1201 Peachtree Street, NE Atlanta, Georgia 30361. When duly served with a copy of the Summons and Complaint in this matter said defendant will be subject to the jurisdiction of this Court.

3.

The Gulf Insurance Company is a corporate citizen and resident of the State of Connecticut. Nonetheless, it is authorized to conduct business in the State of Georgia and in the normal course of its business activities insured an entity by the name of T. I. Wood Enterprises, Inc. Said defendant has appointed as it registered agent for service of process within the State of Georgia C. T. Corporation System, 1201 Peachtree Street, NE, Atlanta, Georgia 30361. When duly served with a copy of the Summons and Complaint in this matter said defendant will be subject to the jurisdiction of this Court.

4.

Pursuant to Title 28 U.S.C § 1332, jurisdiction of this case is predicated upon the diversity of citizenship between the parties and the amount in controversy, exclusive of interest and costs, which exceeds $75,000.00.

5.

A proximate cause of the death of Melissa Kolencik was the joint and several liability of Kenneth Burnham, Darlene Sue Cleckner and Jerry Yarbrough.   On August 27, 2003, the first two individuals named negligently operated two different dumptrucks owned and operated by Jerry Yarbrough d/b/a J&J Trucking and Excavating and/or J&J Trucking and Excavation, a motor carrier for hire which conducted business in the states of Tennessee and Georgia

6.

In/or about March, 2003, Jerry Yarbrough d/b/a J&J Trucking and Excavating and/or J&J Trucking and Excavation entered into a Truck Rental Agreement with a Georgia company by the name of T. I  Wood Enterprises, Inc. wherein T. I. Wood Enterprises, Inc. agreed to lease trucks from Mr. Yarbrough from time to time as needed.

7.

Under the Truck Rental Agreement between T I. Wood Enterprises, Inc. and Jerry Yarbrough d/b/a J&J Trucking and Excavating and/or J&J Trucking and Excavation, two dumptrucks were rented to T. I. Wood Enterprises, Inc. for a job that began on the date of the accident near Cartersville, Georgia.

8.

At the time of his deceased wife's death, the Rental Agreement between T. I. Wood Enterprises, Inc. and Jerry Yarbrough d/b/a J&J Trucking and Excavating and/or J&J Trucking and Excavation was in full force and effect and the two drivers specified herein (Kenneth Burnham and Darlene Sue Cleckner) were acting within the scope of their employment as agents and employees of Jerry Yarbrough d/b/a J&J Trucking and Excavating and/or J&J Trucking and Excavation and T. I Wood Enterprises, Inc. Accordingly, T. I. Wood is liable to the plaintiff as a matter of law for the negligent acts of its agents and statutory employees.

9.

Following the wrongful death of his deceased wife, the plaintiff instituted litigation in the Superior Court of Cobb County in the case of *Robert J Kolencik, Individually and as Administrator of the Estate of Melissa Kolencik v T I Wood*

*Enterprises, Inc., Jerry Yarbrough d/b/a J&J Trucking & Excavating and/or J&J Trucking& Excavation, Darlene Sue Cleckner, Kenneth Burnham and Akil Nishica,* Civil Action File No. 04-1-00549-40. (Exhibit "B" is a true and correct copy of the Complaint in that action.)

10.

Plaintiff sustained an actionable injury due to the negligence complained of in Exhibit "B".

11.

After the plaintiff filed the lawsuit described above, written notice was sent notifying the defendants of plaintiff's contentions.    See Exhibits K and L. Nonetheless, neither defendant took any action to protect their interests in the Cobb County lawsuit nor did they seek a Declaratory Judgment concerning their rights and/or responsibilities with respect to the same.

12.

On November 18, 2004, the plaintiffs obtained Judgments against  Jerry Yarbrough d/b/a J&J Trucking and Excavating and/or J&J Trucking and Excavation, Darlene Sue Cleckner and Kenneth Burnham.  (A true and correct copy of the Judgment obtained in Superior Court of Cobb County is attached hereto as Exhibit

"C.") Prior to the entry of the Judgment, the defendants intentionally elected not to intervene in the Cobb County action nor did they seek a declaration of their rights and responsibilities regarding the case. They are therefore bound by the Judgment

13.

As of August 27, 2003, the Progressive Preferred Insurance Company was a liability insurance carrier for T. I. Wood Enterprises, Inc. Progressive issued a $1,000,000.00 liability insurance policy bearing policy number CA 4196911-3 to T. I. Wood Enterprises, Inc. with a policy period of 11/27/02 through 11/27/03. See Exhibit A attached hereto. Additionally, pursuant to state and federal filing requirements, the Progressive Preferred Insurance Company had filed forms BMC-91X and MCS-90 with the Federal Motor Carrier Safety Administration confirming the existence of the referenced policy and had also filed a Certificate with the Georgia Department of Motor Vehicle Safety further certifying that said policy was in full force and effect during the referenced policy period.

14.

At no time after filing the BMC-91X form, the MCS-90 form and the State Certificate form did the Progressive Preferred Insurance Company legally cancel policy number CA 4196911-3. Accordingly, as of 8/27/03, said policy, as modified

by state and federal filings, was in full force and effect and is applicable to the subject incident.

15.

Prior to the issuance of policy CA 4196911-3, the Progressive Preferred Insurance Company had previously issued different policies for earlier years to T. I. Wood Enterprises, Inc  One such policy which had been issued was CA 4196911-1 issued in 2001, with policy limits of $1,000,000.00.  See Exhibit J.  At the time this policy was issued, the Progressive Preferred Insurance Company had also filed a BMC-91X form and MCS-90 form with the Federal Motor Carrier Safety Administration.  Progressive Preferred Insurance Company had also filed the required Certificate with the Georgia Department of Motor Vehicle Safety.  Nonetheless, after issuance of policy number CA 4196911-1, the Progressive Preferred Insurance Company failed to file a Certificate K with the Georgia Department of Motor Vehicle Safety cancelling that policy.  Under the terms of Georgia law, accordingly, said policy remains uncancelled and is still in full force and effect.

16.

The State of Georgia has adopted the continuous coverage doctrine indicating that until and unless a liability insurance indemnity policy is properly cancelled under

the provisions of Georgia law, said policy remains in full force and effect for the protection of the public with respect to the operations of motor carriers for hire.

17.

Because policy number CA 4196911-1 was never cancelled prior to 8/27/03 according to the requirements of Georgia law, that policy as well as policy CA 4196911-3 as amended by the state Certificates and the BMC-91X and MCS-90 Forms, remained in full force and effect as of August 27, 2003 and both policies therefore are and were applicable to the subject incident involving the death of Melissa Kolencik.

18.

Prior to Progressive Preferred Insurance Company becoming the insurance carrier for T. I Wood Enterprises, Inc., T. I Wood Enterprises, Inc earlier had insurance coverage through the Gulf Insurance Company. Specifically from 11/22/99 through 12/01/00, the Gulf Insurance Company issued policy GA 0496134 to T I. Wood Enterprises, Inc a liability insurance policy bearing such policy number with $1 million in liability insurance limits. At or about the time said policy was issued by the Gulf Insurance Company to T. I. Wood Enterprises, Inc., the Gulf Insurance Company also filed with the Federal Motor Carrier Safety Administration a BMC-

91X form, an MCS-90 form and the required Certificate with the Georgia Department of Motor Vehicle Safety.

19.

At no time after the filing of the state Certificate form filed by the Gulf Insurance Company with the Georgia Department of Motor Vehicle Safety did the Gulf Insurance Company legally and effectively cancel the coverage afforded by such policy (as amended by its federal and state filings). Accordingly, under the continuous coverage doctrine, said policy remains in full force and effect and is applicable to the collision involving the wrongful deaths of plaintiff's deceased wife, Melissa Kolencik.

20

Under Georgia law, a motor common/contract carrier must, through its insurance carrier, provide proof of its financial responsibility in the form of a bond or an indemnity insurance policy or through self-insurance so that the public will be protected against injury proximately caused by the negligence of a motor common/contract carrier, its servants, or its agents. See O.C G.A. § 46-7-12.

21.

Pursuant to the authority granted to it by the Georgia General Assembly (46-7-12), the Georgia PSC promulgated Rule 1-8-1-.01, which defined the class of persons protected by the mandatory insurance rule as "any person who sustains actionable injury or loss as a result of the negligence of the common carrier  or its agents." Because the plaintiff sustained actionable injury caused by the agents of T I Wood Enterprises, Inc , the plaintiff is specifically within the class of persons protected by both state and federal law and is entitled to bring this action to collect the damages sustained.

22.

The plaintiff has attached hereto as Exhibit "D" certified documents from the Federal Motor Carrier Safety Administration confirming the existence of the federal insurance coverages described herein as issued by the Progressive Preferred Insurance Company and the Gulf Insurance Company.  Attached as Exhibits E - I are the required Certificate forms filed by the defendants with the State of Georgia.

23.

At the time of the collision involving the death of his deceased wife, Kenneth Burnham and Darlene Sue Cleckner were acting as statutory employees and agents

of T. I. Wood Enterprises, Inc.   Accordingly, since these individuals and Jerry Yarbrough d/b/a J&J Trucking and Excavating and/or J&J Trucking and Excavation were the agents and employees of T. I. Wood Enterprises, Inc., they qualify as insureds under the three amended policies referenced herein and because the plaintiff sustained injury or loss caused by the negligence of these employees and agents of T I Wood Enterprises, Inc., the plaintiff is entitled to a Judgment against these defendants given that he is an innocent member of the motoring public who sustained loss caused by the negligence thereof

24.

Because he has obtained a Judgment against insureds of these defendants, as a member of the motoring public, he is entitled to claim the protection of the surety and indemnity bonds afforded by the policies and the state and federal filings referenced in this Complaint.

**WHEREFORE** plaintiff prays that:

a.   He be given a judgment against the Progressive Preferred Insurance Company in the maximum amount of coverage provided by its policies, as amended by its state and federal filings, up to the full amount of the judgments obtained,

b     That he recover judgment against the Gulf Insurance Company in the amount of $1 million (the amount of the policy coverage provided under the policy referenced herein), plus any additional Certificate coverage provided under the terms of State law;

c.    That he recover all applicable attorney's fees for having to bring this action; and

d.    For such other and further relief as this Court deems just and proper.

## COUNT TWO
## COMPLAINT FOR DECLARATORY JUDGMENT

### 25.

Plaintiff realleges paragraphs 1 through 24 above as though fully and completely set forth verbatim herein.

### 26

In this Count plaintiff alternatively seeks a Declaratory Judgment as to the amount of coverage provided by the two defendants herein relative to the subject incident. In the event the Court should find that the plaintiff is not entitled to the relief he seeks in Count One above, then in that event, there would be an uncertainty between the parties as to the amount of coverage available either under the policies

referenced and/or the state and federal filings applicable to the subject incident.

27.

If the plaintiff is not entitled to the full amount of the coverage set forth in the policies referenced in Count One and/or the full amount of coverage provided by the State's Certificates, then in that event, there will be an uncertainty between the parties as to how much coverage is available from these defendants relative to the subject incident.

28.

Without direction from the Court, the parties will be unable to engage in any meaningful settlement discussions and/or determine how this case should proceed in the event the plaintiff is not entitled to judgment as a matter of law on Count One.

29.

In the event the Court rules that the plaintiff is not entitled to enforce his judgment against the two defendants herein, which the plaintiff contends that he is, then in that event, the parties would need direction from the Court as to the amount of coverages available relative to the subject incident   In short, the parties would need a declaration of their respective rights and the responsibilities given that it is

undisputed that the plaintiff sustained an actionable injury in the subject motor vehicle collision

30.

It will not be necessary for the Court to grant a Declaratory Judgment to any of the parties in this case in order to assist them with their uncertainties unless the Court finds that the plaintiff is not entitled to the relief he seeks in Count One. Accordingly, this Count is specifically plead in the alternative.

**WHEREFORE,** plaintiff prays alternatively to the prayer for relief in Count One as follows;

a.   That this Court either dismiss Count Two because plaintiff has been awarded the judgment he seeks in Count One;  or alternatively

b   That this Court declare what the plaintiff's rights are relative to the policies and filings at issue vis a vis the subject motor vehicle collision; and

c.   This Court declare the responsibilities of the defendants to the plaintiff so as to remove the uncertainty with respect to same relative to the wrongful death action involving Mrs. Melissa Kolencik.

## COUNT THREE
## COMPLAINT FOR WRONGFUL DEATH

31.

Plaintiff realleges paragraphs 1 through 8 and 13 through 21 above as though fully and completely set forth verbatim herein.

32.

In the event this Court does not grant the relief prayed for in Count One, then in that event, the plaintiff brings this Count as a direct action against the defendants pursuant to the provisions of O.C G.A. § 46-7-12.

33.

As the insurers of T. I. Wood Enterprises, Inc., the plaintiff is entitled to bring this direct action against both defendants. As alleged herein, at all times material to the subject incident, Jerry Yarbrough d/b/a J&J Trucking and Excavation and/or J&J Trucking and Excavating, Darlene Sue Cleckner, and Kenneth Burnham were the statutory employees and/or agents of T I. Wood Enterprises, Inc., insureds of the defendants. Defendants are also responsible for the acts of T. I. Wood Enterprises, Inc. insofar as that entity is vicariously liable for the acts of Yarbrough, Cleckner and Burnham and is independently liable itself for its own negligent inspection of the

trucks involved in the subject incident and negligent supervision of its agents.

34.

Because the subject incident occurred at a time when there was a lease agreement between T. I. Wood Enterprises, Inc. and Jerry Yarbrough d/b/a J&J Trucking and Excavation and/or J&J Trucking and Excavating, and because Darlene Sue Cleckner and Kenneth Burnham were acting within the scope of their employment at the time of the subject incident, the defendants herein are directly responsible to the plaintiff in that he sustained an actionable injury due to the negligence of T. I. Wood Enterprises, Inc. and its statutory employees and agents.

**WHEREFORE**, plaintiff prays alternatively to the prayer for relief in Count One as follows:

a.   That he be granted a jury trial as to all issues so triable;

b.   That he recover the damages sustained in the subject collision from either or both defendants;

c.   That he recover his costs of this action; and

d.   For such other and further relief as is just and proper.

Respectfully submitted,

FINCH McCRANIE, LLP

Richard W. Hendrix,
Georgia State Bar No. 346750
Audrey E. Mitchell
Georgia State Bar No. 005407
Counsel for Plaintiff

225 Peachtree Street, NE
1700 South Tower
Atlanta, Georgia 30303
(404) 658-9070
(800) 228-9159