IN THE SUPERIOR COURT OF COBB COUNTY

STATE OF GEORGIA

| | |
|---|---|
| ROBERT J. KOLENCIK, Individually and as ADMINISTRATOR of the ESTATE OF MELISSA KOLENCIK,<br><br>Plaintiff,<br><br>vs.<br><br>T I WOOD ENTERPRISES, INC., JERRY YARBROUGH d/b/a J & J TRUCKING & EXCAVATING and/or J & J TRUCKING & EXCAVATION, DARLENE SUE CLECKNER, KENNETH W. BURNHAM, and AKIL NISHICA,<br><br>Defendants. | :<br>:<br>:<br>:<br>: CIVIL ACTION FILE<br>: NO. C-4-1-00549-40<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

### COMPLAINT FOR DAMAGES

1

Defendant T I Wood Enterprises, Inc is a motor carrier for hire authorized to do business in interstate and intrastate commerce. Its principal place of business is 1091 Old Drake Town Trail, Temple Georgia 30179. Its registered agent of process is Tammy Wood, 1091 Old Drake Town Trail, Temple, Georgia 30179 When duly served with a copy of Summons and Complaint in this matter, said defendant will be subject to the jurisdiction of this Court

2

Defendant Jerry Yarbrough resides at 90 Yarber Hill Drive, Chickamauga, Georgia 30707 He does business under the name of J&J Trucking and Excavating and/or J&J Trucking and Excavation (hereinafter Jerry Yarbrough d/b/a J&J Trucking) located at the same address When



-1-

duly served with a copy of Summons and Complaint, said defendant will be subject to the jurisdiction of this Court

3

Defendant Darlene Sue Cleckner is a full-time, permanent resident of the State of Tennessee with an address of 3257 Van Buren, Chattanooga. Tennessee 40715  At all times pertinent to the events alleged herein, however, for the convenience of her dual employers T I Wood Enterprises. Inc. and Jerry Yarbrough d/b/a J&J Trucking, because she was on an out of town on a special mission for the benefit of her employers, Ms Cleckner was temporarily sleeping overnight at a location located at 5605 Old Atlanta Highway. Rockmart, Georgia. However, we have been advised that she can be served at 101 Dykes Drive, Rossville, Georgia 30741 or 86 New Hope Road, Rockmart, Georgia 30153  When duly served with a copy of Summons and Complaint in this matter, said defendant will be subject to the jurisdiction of this Court

4

Defendant Kenneth W Burnham resides at 101 Dykes Drive. Rossville, Georgia 30741 Upon information and belief, at all times pertinent to the events alleged herein, in order to facilitate the business activities of his dual employers, because he was on an out of town on a special mission for the benefit of his employers. Defendant Burnham was temporarily sleeping overnight at 5605 Old Atlanta Highway, Rockmart, Georgia  When duly served with a copy of Summons and Complaint in this matter, said defendant will be subject to the jurisdiction of this Court

5

Defendant Akil Nishica resides at 209 Trees of Kennesaw Parkway, Kennesaw. Georgia 30152  When duly served with a copy of Summons and Complaint in this matter, said defendant will

be subject to the jurisdiction of this Court

6

The Plaintiff proceeds individually as the surviving spouse and husband of Melissa Kolencik who was killed in a motor vehicle collision which occurred in Cobb County, Georgia on August 27, 2003. He also proceeds as Administrator of his deceased wife's Estate

7

At some point during the calendar year 2003, Defendant T I Wood Enterprises, Inc employed Jerry Yarbrough d/b/a J&J Trucking to act as its agent and employee on a job it had to haul dirt being excavated from an apartment complex then and there being developed near Cartersville, Georgia by a company by the name of HBW Development

8

Upon information and belief, HBW Development Company entered into a contract with T I Wood Enterprises, Inc to haul and remove dirt and debris from the excavation site at the apartment complex.

9

After acquiring its contract with the HBW Development Company (hereinafter "HBW"), T I Wood Enterprises, Inc. entered into a business arrangement with Jerry Yarbrough d/b/a J&J Trucking to haul dirt from the HBW apartment complex project in order to facilitate the excavation of the dirt and debris at the project and to facilitate the construction of the apartment complex being developed

10

Defendant Jerry Yarbrough d/b/a J&J Trucking did not have a contractual relationship with

HBW, but instead had a contractual relationship with T I Wood Enterprises, Inc wherein he agreed to act as T I Wood Enterprises, Inc 's agent in furnishing drivers and trucks for the excavation project referenced herein

11

As of August 27, 2003, Defendant Jerry Yarbrough d/b/a J&J Trucking owned several large commercial dump trucks, at least 3 of which were being utilized on behalf of T I Wood Enterprises, Inc in the fulfillment of T I Wood Enterprises, Inc 's contractual obligations to HBW

12

As of August 27, 2003, Defendant Darlene Sue Cleckner and Kenneth Burnham were operating commercial dump trucks owned by Jerry Yarbrough d/b/a J&J Trucking

13

As of August 27, 2003, the date of the subject incident which resulted in the death of Plaintiff's deceased wife, both Defendant Cleckner and Burnham were acting as the dual agents and employees of Defendants T I Wood Enterprises, Inc and Jerry Yarbrough d/b/a J&J Trucking

14

As of the date of the subject incident, Defendant T I Wood Enterprises, Inc was a motor carrier for hire authorized to direct and control the activities of drivers and equipment on the apartment complex project pursuant to its agreement with HBW  As of the date of the accident, Defendant T I Wood Enterprises, Inc was the statutory employer of both Darlene Sue Cleckner and Kenneth Burnham in that both Defendants Cleckner and Burnham were operating commercial dump trucks as the agents of T I Wood Enterprises, Inc and under direct dispatch to T I Wood Enterprises, Inc in connection with T I Wood Enterprises, Inc 's business activities on the HBW project

referenced herein.

15

Upon information and belief, at the time of the events alleged herein, Jerry Yarbrough d/b/a J&J Trucking was a private carrier and was not authorized to be a motor carrier for hire in the State of Georgia unless under the authority and control of a commercial carrier for hire such as T I Wood Enterprises, Inc.

16.

As of August 27, 2003, Defendant Jerry Yarbrough d/b/a J&J Trucking conducted business primarily out of Chickamauga, Georgia and specifically furnished to T I Wood Enterprises, Inc drivers and commercial dump trucks it owned so that T I Wood Enterprises, Inc could fulfill its contractual obligations to HBW

17

At the time Defendant Yarbrough furnished his dump trucks to Darlene Sue Cleckner and Kenneth Burnham for operation on the public roads of the State of Georgia as of August 27, 2003, he was aware that the commercial dump trucks being furnished to these Defendants and drivers were unsafe, lacked adequate brakes, had unsafe tires and other dangerous and defective conditions which rendered these vehicles extremely hazardous to innocent members of the motoring public Notwithstanding his express knowledge of the fact that these commercial vehicles were extremely unsafe and should not have been operated at all on the public streets and highways, nonetheless, he negligently entrusted and authorized their use and furnished them to Defendants Cleckner and Burnham for the express purpose of being used on the commercial project referenced herein as agents and employees of T I Wood Enterprises. Inc

18

Upon information and belief, as of August 27, 2003, both Defendants Cleckner and Burnham were aware that the vehicles they were operating were unsafe and had several dangerous defects in them such that they were dangerous to other innocent members of the motoring public.

19

On August 27, 2003, Defendant Darlene Sue Cleckner was operating a 1981 Ford 9000 commercial dump truck and was heading westbound on Highway 92 near its intersection with Cheatham Road in Cobb County, Georgia while traveling behind a 2002 Honda Civic automobile being then and there operated by Defendant Akil Nishica. Because Defendant Cleckner was operating her vehicle too fast for conditions, because she was exceeding the posted speed limit, because she was following the Nishica vehicle too closely, because she failed to maintain proper control of her vehicle, and because the vehicle lacked adequate brakes and was unsafe for operation, she approached the Honda Civic operated by Defendant Akil Nishica too fast for her to stop and avoid a collision.

20

As a result of the unsafe, negligent and reckless driving of Defendant Cleckner, who was traveling too fast for conditions and could not control her vehicle for the reasons stated above, Defendant Nishica panicked when he realized he was to be struck from behind and thereby crossed the centerline into the lane being occupied by Plaintiff's deceased wife, Melissa Kolencik. Plaintiff's decedent was forced off the road. In her attempt to correct and avoid a collision with the Nishica vehicle, Mrs Melissa Kolencik collied with the dump truck being operated by Defendant Burnham

21

At the time of the event in question, Plaintiff's decedent Melissa Kolencik was operating a 2001 Land Rover Discovery vehicle and was proceeding eastbound on highway 92 when the Nishica vehicle described herein pulled directly into her lane of travel by crossing over the centerline which action combined and concurred with the negligence of Defendant Cleckner in causing the subject collision

22

At the time of the events in question, Defendant Burnham knew that his vehicle had inadequate brakes and he too was traveling too fast for conditions and was operating at a speed that was greater than reasonable and prudent under the circumstances existing at the time  As a result of his negligence, he collided with the Kolencik vehicle

23

As a result of the combined and concurring negligence of Defendants Nishica, Cleckner and Burnham, Ms Kolencik was killed in the collision between her vehicle and the Burnham dump truck which was a 1981 Peterbilt dump truck

24

The 1991 Peterbilt dump truck being operated by Defendant Burnham and the Ford dump truck being operated by Defendant Cleckner were both in an unsafe condition at the time of the events in question and had defective brakes and other unsafe conditions which rendered those vehicles unfit for use on the public streets and highways of this state  This fact was known to Defendants Burnham, Yarbrough and Cleckner at the time of the subject incident

25

Melissa Kolencik was killed because of the combined and concurring negligence of Defendants Cleckner and Burnham, who at the time of the subject collision were acting as the dual agents and employees of T I Wood Enterprises, Inc and Jerry Yarbrough d/b/a J&J Trucking

26.

Based on the combined and concurring negligence of Defendant Nishica, Cleckner and Burnham, Melissa Ann Kolencik was wrongfully killed Defendant T I Wood Enterprises, Inc and Jerry Yarbrough d/b/a J&J Trucking are vicariously responsible for the negligent acts of Cleckner and Burnham Defendant Nishica is responsible for his own independent negligent acts which combined and concurred with the negligent acts of the other Defendants named herein to cause the wrongful death of Melissa Kolencik

27

On August 27, 2003, at the time of the subject incident, Defendants Cleckner, Burnham and Jerry Yarbrough d/b/a J&J Trucking were acting as agents and under the commercial authority of Defendant T I Wood Enterprises, Inc

28

At the time of the subject incident, upon information and belief, because they were on a mission out of town at the behest of their employers, Defendants Cleckner and Burnham were heading towards a campground facility located in Rockmart, Georgia, selected due to its proximity to the job site It was more convenient for the Defendant employers that these drivers work out of that location as opposed to Chickamauga, Georgia, where the trucks were typically garaged for operations on behalf of Jerry Yarbrough d/b/a J&J Trucking

29

By allowing its drivers Cleckner and Burnham to take the dump trucks to a temporary residence, said actions facilitated their proximity to the job site and consequently by allowing these commercial dump trucks to be parked overnight at this temporary location. said employees were facilitating the business operations of their dual employers (Defendants T I Woods Enterprises, Inc and Jerry Yarbrough d/b/a J&J Trucking) on the date and at the times in question

30

The proximate cause of the death of Melissa Ann Kolencik was the joint, combined and concurring negligence of the Defendants as alleged herein

31

Subsequent to the collision which caused the death of Melissa Ann Kolencik. the Estate of Melissa Ann Kolencik incurred medical and funeral expenses and seeks to recover the same in this action.

32

Melissa Ann Kolencik experienced pre-impact fright and shock prior to the collision between her vehicle and that being operated by Defendant Burnham  Upon information and belief, Plaintiff Kolencik also experienced conscious pain and suffering after impact but prior to her death  The Land Rover vehicle was totally destroyed

33

Punitive damages are necessary in this action in order to deter the dangerous conduct of the Defendants as described herein and to punish the Defendants for their reckless endangerment of the public including the reckless endangerment to Melissa Ann Kolencik whose life was taken because

of their grossly willful, wanton and reckless disregard for her safety

34

Punitive damages are necessary to punish Defendant Yarbrough for knowingly and willfully allowing unsafe and dangerous commercial vehicles to be operated  Because Defendant Yarbrough at the time that decision was made was acting as the statutory agent and employee of  Defendant T I Wood Enterprises, Inc., Defendant T I Wood Enterprises, Inc is vicariously responsible for his willful, wanton and reckless disregard for the safety of the motoring public as it is for the knowing misconduct of Defendants Burnham and Cleckner who individually both knew that the commercial vehicles that they were operating were unsafe and were dangerous as of August 27, 2003

## COUNT ONE
## AGAINST T I WOOD ENTERPRISES, INC.

35

Plaintiff realleges paragraphs 1 through 34 above as though fully and completely set forth verbatim herein.

36

At all times pertinent to the events alleged herein, under state and federal law, T I Wood Enterprises, Inc  was the statutory employer of Defendants Cleckner, Burnham and had legal authority and control of Jerry Yarbrough d/b/a J&J Trucking's trucks and consequently is strictly liable for the use of the trucks given that the subject incident occurred during the period of the business arrangement between T I Wood Enterprises, Inc and Jerry Yarbrough d/b/a J&J Trucking as described herein

37

As a motor carrier for hire, on the date in question, T I Wood Enterprises, Inc was fully responsible for drivers (Cleckner and Burnham) and for trucks and equipment owned by Jerry Yarbrough d/b/a J&J Trucking

38

Because Defendant T I Wood Enterprises, Inc is a commercial motor carrier for hire authorized to conduct business in that capacity and because it chose to use the services of Jerry Yarbrough d/b/a J&J Trucking's drivers and equipment for the fulfillment of its contractual obligations to HBW, and because said trucks were being operated pursuant to its business activities on the date in question on the public streets and highways of this state, as the statutory employer of Defendants Burnham and Cleckner, Defendant T I Wood Enterprises, Inc. is vicariously liable for the negligent acts of those Defendants as described herein

## COUNT TWO
## NEGLIGENT HIRING

39

Plaintiff realleges paragraphs 1 through 38 above as though fully and completely set forth verbatim herein

40

Upon information and belief, at all times pertinent to the events alleged herein, Defendant Jerry Yarbrough d/b/a J&J Trucking was not authorized to engage in commercial hauling activities for hire given that he was registered as a private carrier and given that he did not have insurance available for the protection of the motoring public  As set forth above, a reasonable inspection of his trucks would have indicated that they were unsafe  Accordingly, Defendant T I Wood

Enterprises, Inc did negligently hire the drivers and use the equipment owned by Defendant Jerry Yarbrough d/b/a J&J Trucking and did do so at a time that the equipment utilized for this job was grossly unfit for the job in question and was completely unsafe with reference to the operation of said vehicles on the public streets and highways of this state

41

Defendant T I Wood Enterprises, Inc failed to exercise ordinary care in determinating the qualifications of the drivers involved and in determining whether the equipment being selected for this project was safe and suitable for the commercial activities intended at the time The equipment had actually been cited by law enforcement authorities some two weeks before this accident as being unsafe, yet Defendant T I Wood Enterprises. Inc nonetheless continued to use said equipment as the statutory employer of the drivers Therefore, Defendant is vicariously liable for the negligent hiring and retention of both the drivers and the equipment given that such negligent hiring and retention was a proximate cause of the death of Plaintiff's deceased wife

## COUNT THREE
## JOINT VENTURE

42

Plaintiff realleges paragraphs 1 through 41 above as though fully and completely set forth verbatim herein

43

Upon information and belief, the commercial activities described herein between T I Wood Enterprises. Inc and Jerry Yarbrough d/b/a J&J Trucking were pursuant to an oral agreement whereby it was understood that Jerry Yarbrough for money would provide drivers and trucks for the

use and control of Defendant T I Wood Enterprises, Inc in connection with a contract that T I Wood Enterprises, Inc had with HBW Because Defendant T I Wood Enterprises, Inc was contractually obligated to the developers of the apartment complex to provide trucks and drivers for the excavation and hauling of dirt and debris from the project site, and because Defendant T I Wood Enterprises, Inc had a contractual responsibility to the developers of that project. Defendant T I Wood Enterprises, Inc and Jerry Yarbrough d/b/a J&J Trucking thereby entered into a joint venture with one another when they agreed for their mutual financial benefit to work together on this project to haul under the commercial authority of T I Wood Enterprises, Inc which is registered with both state and federal authorities as a commercial carrier for hire in both interstate and intrastate commerce

44

Because Defendants Cleckner and Burnham were acting as the agents of both joint venturers as alleged in this Count. both Defendants T I Wood Enterprises, Inc and Defendant Jerry Yarbrough d/b/a J&J Trucking are vicariously responsible for the acts of its agents and employees as described herein

## COUNT FOUR
## DUAL AGENCY

45

Plaintiff realleges paragraphs 1 through 44 above as though fully and completely set forth verbatim herein

46

As set forth above. because Defendants Cleckner and Burnham were dual agents of T I Woods Enterprises. Inc and Jerry Yarbrough d/b/a J&J Trucking. both of the latter two Defendants

are vicariously liable for the acts and omissions of the drivers as described

## COUNT FIVE
## NEGLIGENT ENTRUSTMENT AGAINST DEFENDANTS JERRY YARBROUGH d/b/a J&J TRUCKING AND T I WOOD ENTERPRISES, INC.

47

Plaintiff realleges paragraphs 1 through 46 above as though fully and completely set forth verbatim herein

48

The two commercial dump trucks involved in this collision were both unsafe and unfit for use on the public streets and highways of this state as of August 27, 2003. They had been cited by law enforcement officials on August 14, 2003 as being unfit for operation on the streets and highways of this state given their respective dangerous conditions due to faulty brakes, faulty tires and other faulty equipment

49

Notwithstanding the fact that the commercial dump trucks involved in this incident were known by Jerry Yarbrough to be unsafe and were dangerous for use on the streets and highways of this state, nonetheless, said vehicles were negligently entrusted to Defendants Cleckner and Burnham

50

At the time that Jerry Yarbrough d/b/a J&J Trucking entrusted the commercial dump trucks to Defendants Cleckner and Burnham, he did so in his capacity as agent of T I Wood Enterprises, Inc., as a statutory employee of Defendant T I Wood Enterprises, Inc and as a member of a joint

-14-

venture with T I Wood Enterprises, Inc  Accordingly, both defendants Yarbrough and T I Wood Enterprises, Inc are responsible for the negligent entrustment of these vehicles and the damages caused by thereby

## COUNT SIX
## IMPLIED LEASE

51

Plaintiff realleges paragraphs 1 through 50 above as though fully and completely set forth verbatim herein

52

Because the business arrangement between Jerry Yarbrough d/b/a J&J Trucking and T I Wood Enterprises, Inc was an oral agreement, a lease is implied by law given that a commercial carrier for hire cannot use commercial equipment and drivers for hire except under the terms of a statutorily required lease agreement with another authorized carrier  Such rules and regulations which were enacted for the benefit of the motoring public in order to protect them from unregulated and unsafe vehicles  At the time of the events in question, the two commercial dump trucks involved herein were by operation of law under the joint exclusive possession and control of T I Wood Enterprises, Inc  due to the implied oral lease agreement between Jerry Yarbrough d/b/a J&J Trucking and T I Wood Enterprises. Inc

## COUNT SEVEN
## BAD FAITH, ATTORNEY'S FEES AND PROPERTY DAMAGE

53

Plaintiff realleges paragraphs 1 through 52 above as though fully and completely set forth verbatim herein

54

All Defendants (except Defendant Nishica) are jointly and severally liable to pay attorney's fees in this action given the bad faith demonstrated by the occurrences described herein. All defendants, including Nishica, are also liable to the Plaintiff for the value of the Land Rover being operated by Ms Kolencik. In addition, Defendant Cleckner fled the scene after the accident and had to be chased down by one of the witnesses. Even though this was a very serious incident, thereafter, she lied and denied any involvement when she was brought back to the scene. Such bad faith also justifies attorney's fees.

## COUNT EIGHT
## PUNITIVE DAMAGES

55

Plaintiff realleges paragraphs 1 through 54 above as though fully and completely set forth verbatim herein.

56

At all times pertinent to the events alleged herein, the commercial dump trucks involved in this incident were grossly unfit, unsafe and were known to be dangerous. Notwithstanding the fact that these vehicles were known to be dangerous, Defendant Yarbrough knowingly and intentionally allowed their use on the public highways of this state with the foreseeable result that they could be involved in an accident due to the defects in the equipment on these vehicles.

57

A proximate cause of the subject collision was the defective equipment on both of the commercial dump trucks being operated by Defendants Cleckner and Burnham.

58

Given the willful and wanton and complete reckless disregard for the safety of the motoring public. Defendants Cleckner and Burnham are liable for punitive damages as are Defendants Jerry Yarbrough d/b/a J&J Trucking and T I Wood Enterprises, Inc as the statutory employers of the drivers  Given that Defendant Yarbrough owned the vehicles, and because he had a separate independent duty to correct the safety defects on these vehicles having been cited for the safety violations on August 14, 2003, he is individually liable for additional punitive damages in order to punish him for his knowing and willful use of unsafe and dangerous commercial vehicles as of August 27, 2003 which use of the commercial vehicles was a proximate cause of the death of Melissa Kolencik

**WHEREFORE**, Plaintiff prays that:

a. he be granted a jury trial as to all issues so triable,

b that he be awarded compensatory damages against all the Defendants jointly and severally for the wrongful death of his wife in the amount of $5 million.

c that he be awarded punitive damages in has capacity as Administrator of his deceased wife's Estate against all Defendants jointly and severally in the amount of $10 million, plus restitution for all applicable medical and funeral expenses, and payment for the destroyed Land Rover,

d that he recover all appropriate attorney's fees for the prosecution of this action. and

f for such other and further relief as this Court deems just and proper

Respectfully submitted,

FINCH McCRANIE, LLP

*[signature]*

Richard W. Hendrix,
Georgia State Bar No. 087400
Audrey E. Mitchell
Georgia State Bar No. 005407
Counsel for Plaintiff

225 Peachtree Street, NE
1700 South Tower
Atlanta, Georgia 30303
404/658-9070