IN THE SUPERIOR COURT OF COBB COUNTY

STATE OF GEORGIA

| | |
|---|---|
| ROBERT J. KOLENCIK, Individually and as ADMINISTRATOR of the ESTATE OF MELISSA KOLENCIK, | : : : : : CIVIL ACTION FILE |
| Plaintiff, | : : NO. 04-01-00549-40 |
| vs. | : : |
| T I WOOD ENTERPRISES, INC., JERRY YARBROUGH d/b/a J & J TRUCKING & EXCAVATING and/or J & J TRUCKING & EXCAVATION, DARLENE SUE CLECKNER, KENNETH W. BURNHAM, and AKIL NISHICA, | : : : : : |
| Defendants. | : : : |

FILED IN COURT
THIS November 18, 2004
AT 4:06 P.M.
JAY C STEPHENSON
CLERK SUPERIOR COURT
COBB COUNTY, GEORGIA

### ORDER AND JUDGMENT

On November 18, 2004, this Court received evidence and testimony concerning plaintiff's damages caused by the negligent acts of defendants Jerry Yarbrough d/b/a J&J Trucking and Excavating and/or J&J Trucking and Excavation, Darlene Sue Cleckner and Kenneth Burnham. After the plaintiff filed his Complaint for Damages against these defendants, each of the defendants filed an Answer denying liability. None of the defendants asked for a jury trial at the time they filed their Answers. Subsequent to issue being joined, the plaintiff filed a Motion for Partial Summary Judgment against the three defendants named herein. On October 7, 2004, this Court entered an Order granting Partial Summary Judgment in favor of the plaintiff against Jerry Yarbrough d/b/a J&J Trucking and Excavating and/or J&J Trucking and Excavation and against Darlene Sue Cleckner and Kenneth Burnham. The Court's 10/7/04 Order (and its Findings of Fact and Conclusion of Law)

Page 1



is incorporated by reference herein When this matter appeared before the Court again on November 18, 2004 it was for the purpose of allowing the plaintiff an opportunity to present evidence of his damages against the three defendants against whom he has now obtained a Judgment as to liability The three defendants referenced were offered an opportunity to cross examine plaintiff's witnesses and otherwise present their own evidence on the damage issue [1]

At the hearing before this Court on November 18. the plaintiff presented testimony and documentary evidence on the issue of the full value of the life of Melissa Kolencik This evidence included lost wage information, testimony about the decedent's educational background. lifestyle and personal interests Evidence was offered concerning the extent of the decedent's injuries and her hospitalization and treatment prior to death The plaintiff also presented evidence concerning the decedent's relationship with her husband and children

The plaintiff's evidence established that there were aggravating circumstances surrounding the subject incident which resulted in the wrongful death of his wife Evidence was produced before the Court which indicated that there was a specific intent to cause harm Specifically, evidence was introduced that Darlene Sue Cleckner fled the scene of the incident so as to conceal her involvement in it and that defendant Yarbrough thereafter took additional affirmative steps to obstruct justice, conceal evidence and mislead the investigative authorities There was also evidence of aggravated liability surrounding the incident itself. particularly with regard to the failure to inspect the trucks involved and the manner in which they were being operated at the time of the incident Therefore.

---

[1] As of the date of this Order. there has been no finding of liability against the other defendants in this case, therefore, these other two defendants (Akil Nishica and T I Wood Enterprises, Inc ) are not bound by the findings against the three defendants referenced to in this Order

having established that there was both bad faith in the underlying incident as well as evidence of a specific intent to cause harm, the plaintiff asked this Court to return a verdict against these three defendants, not only for all compensatory damages sustained, but also for punitive damages and attorney's fees

Having considered the evidence and testimony offered before the Court on the issue of compensatory damages, including the evidence concerning the decedent's background and lost wages, the Court finds that the full value of the life of Melissa Kolencik at the time of her death was $3 million. Judgment is hereby entered against all three defendants in this amount. Because bad faith was established, and because the plaintiff showed that there was an attorney fee agreement in the amount of one-third (1/3) of any recovery, that such fees were reasonable for this type of case, and represented the value of the services rendered, attorney's fees are awarded to the plaintiff in his individual capacity in the amount of $1,000,000.00. Accordingly, with respect to the individual claims of Robert J. Kolencik, judgment is entered against all three defendants, jointly and severally, in the amount of $4,000,000.00

With respect to the claims of Robert J. Kolencik as Administrator of the Estate of his deceased wife, the plaintiff introduced evidence of funeral bills and medical bills totaling $62,407.70. Plaintiff also introduced substantial evidence that his wife was subjected to pre-impact fright and terror and that she may have experienced substantial conscious pain and suffering prior to her death. In view of this evidence and the other evidence offered concerning punitive damages, the Court does hereby enter the following award against defendant Yarbrough. As total Compensatory damages, the Estate is awarded $562,407.70 which includes compensation for funeral and medical expenses ($62,407.70) and $500,000.00 for pre-impact fright and terror and conscious

pain and suffering Punitive damages are clearly warranted to deter and punish given that the evidence regarding Mr Yarbrough is of a highly aggravated nature and because his actions clearly evidenced a conscious and deliberate indifference to the consequences, a specific intent to cause harm and a willful and deliberate attempt to obstruct of justice The Court finds that punitive damages against him are warranted in the amount of $5 million Attorney's fees are also awarded in the amount of one-third (1/3) of all of these amounts, or $1,854,135 90, as being the reasonable value of the attorney's fees incurred

Accordingly, as against Jerry Yarbrough d/b/a J&J Trucking and Excavating and/or J&J Trucking and Excavation, this Court does enter a total verdict and award in favor of the Estate in the amount of $7,416,543 60

With respect to Darlene Sue Cleckner and Kenneth Burnham individually, the evidence of the aggravated circumstances against them individually is not as aggravated as it is against Mr Yarbrough Although the evidence establishes a recklessness, a willful and wanton disregard for the safety of others, and a conscience indifference to the consequences, the aggravated circumstances do not establish a specific intent to cause harm by these two defendants Nonetheless, the plaintiff proved by clear and convincing evidence that an award of punitive damage is still justified Because there was no specific intent to cause harm, the Court finds that the punitive damages shall be limited to $250,000 00 against each defendant Thus, judgment is hereby entered in favor of the plaintiff in his capacity as Administrator of the Estate of Melissa Kolencik against defendants Darlene Sue Cleckner and Kenneth Burnham, jointly and severally in the total amount of $1,083,210 26, which represents $62,407 70 for funeral and medical expenses, $500,000 00 for conscious pain and suffering and pre-impact fright and terror, $250,000 00 as punitive damages, and $270,802 56 as

attorney fees

Based on the above and foregoing, the total judgment of the Court against all defendants therefore is as follows

Judgment is awarded to the plaintiff for the wrongful death of his wife in his individual capacity against these three defendants, jointly and severally in the amount of $4,000,000 00

With respect to the Estate's claims, judgment is awarded in favor of the plaintiff against Jerry Yarbrough d/b/a J&J Trucking and Excavation and/or J&J Trucking and Excavating in the amount of $7,416,543 60 The Estate is also awarded judgment against Darlene Sue Cleckner and Kenneth Burnham, jointly and severally, in the amount of $1,083,210 26

IT IS SO ORDERED AND ADJUDGED this the 18th day of November, 2004

*Juanita P. Ste[dman]*

~~Robert E. Flournoy, III~~
Judge, Superior Court of Cobb County
State of Georgia

JUANITA P STEDMAN
COBB JUDICIAL CIRCUIT
ASSISTING SUPERIOR COURT JUDGE
PER O C G A 15-1-9 1

IN THE SUPERIOR COURT OF COBB COUNTY

STATE OF GEORGIA

| | |
|---|---|
| ROBERT J. KOLENCIK, Individually and as ADMINISTRATOR of the ESTATE OF MELISSA KOLENCIK,<br><br>Plaintiff,<br><br>vs.<br><br>T I WOOD ENTERPRISES, INC., JERRY YARBROUGH d/b/a J & J TRUCKING & EXCAVATING and/or J & J TRUCKING & EXCAVATION, DARLENE SUE CLECKNER, KENNETH W. BURNHAM, and AKIL NISHICA,<br><br>Defendants. | CIVIL ACTION FILE<br><br>NO. 04-01-00549-40 |

## ORDER AND JUDGMENT

This matter comes before the Court on Motion by the plaintiff for Partial Summary Judgment against three of the five defendants to this action, defendants Cleckner, Burnham and Jerry Yarbrough d/b/a J&J Trucking and Excavating and/or J&J Trucking Excavation The Court has examined the testimony and documents filed by the plaintiff in support of his Motion as well as the legal authority for the same Having reviewed the evidence and the law, the Court grants the Plaintiff's Motion for Partial Summary Judgment against these three defendants and does hereby enter the following Findings of Fact and Conclusions of Law

## FINDINGS OF FACT

When a motion for summary judgment is made and supported an adverse party may not rest upon the mere allegations or denials of his pleading, but his response by affidavits or as otherwise

1

provided in this Code section, must set forth specific facts showing that there is a genuine issue for trial If he does not so respond, summary judgment, if appropriate, shall be entered against him (See O.C G A § 9-11-56(e)) Because plaintiff does not seek summary judgment in this motion with regards to defendants T I Wood Enterprises, Inc. and Nishica, these defendants are not required to counter plaintiff's showing and are not bound by the findings in this Order Nonetheless, none of the three defendants at issue have offered evidence to counter plaintiff's showing

From the undisputed deposition testimony in the record,[1] plaintiff has established that Akil Nishica was operating a 2002 Honda Civic automobile southbound on Highway 92 in Cobb County, Georgia on August 27, 2003. Defendant Cleckner was operating a 1981 Ford dump truck owned and operated by defendant Jerry Yarbrough d/b/a J&J Trucking and Excavation southbound on Highway 92 behind the Honda Civic automobile being operated by Mr Nishica A Peterbilt dump truck operated by defendant Burnham also owned by defendant Jerry Yarbrough d/b/a J&J Trucking and Excavation was also traveling southbound behind the Ford dump truck being operated by defendant Cleckner A Discovery Landrover being operated by plaintiff's deceased wife, Melissa Kolencik, was traveling northbound on Highway 92 approaching the intersection of Cheatham Road The Nishica automobile came to a stop in order to yield to northbound traffic in preparation for a left turn on Cheatham Road The Cleckner Ford dump truck continued southbound at a high rate of speed and began an evasive action and began to skid to avoid impacting The Honda from its rear The undisputed testimony indicates that the Ford dump truck was being operated in a manner too fast for

---

[1] The plaintiff served Requests for Admission upon defendant Yarbrough to which he did not respond They are therefore admitted As regards defendants Cleckner and Burnham, plaintiff filed sworn testimony in the record and a Statement of Material Facts as to Which there is no Genuine Issue to be Tried There was no response by these defendants to the Motion, the Statement of Material Facts or the deposition record offered by the plaintiff

2

the conditions, was being recklessly operated when it was in an unsafe condition and was following the Nishica vehicle too closely. The Peterbilt dump truck being operated by defendant Burnham was following the Cleckner dump truck too closely as well, was also being operated in a reckless manner and was being operated too fast for conditions. Because of the actions of the dump trucks, the Nishica vehicle began an evasive maneuver to avoid being collided in the rear by accelerating and driving across the solid double yellow painted lines separating the north and south bound lanes, thus veering directly into the path of Mrs. Kolencik. Mrs. Kolencik began evasive action by steering to the right, but this steering input by Mrs. Kolencik caused her vehicle to lose control such that it ultimately ran off the road crossed back over the solid yellow painted lines directly into the southbound travel lane of Highway 92 such that it collided with the Peterbilt dump truck which was being operated by defendant Burnham. (See depositions of Olin Ford and Gary Lacey, Plaintiff's Exhibit A.) The Court has examined the medical records and Death Certificate relative to this incident and finds that a proximate cause of the death of Melissa Kolencik was the trauma she experienced from the collision.

With respect to defendant Jerry Yarbrough d/b/a J&J Trucking and Excavation, the undisputed evidence in the records shows that Mr. Yarbrough conducted business as a motor carrier for hire in the states of Georgia and Tennessee and that on August 27, 2003, Mr. Yarbrough was operating in interstate commerce and had made available the two dump trucks at issue to a company known as T. I. Wood Enterprises, Inc. under the terms of a pre-existing Truck Rental Agreement with said company. (See Plaintiff's Requests for Admission to Yarbrough. Deposition of Tammy Wood.) Between February, 2003 and August, 2003, Mr. Yarbrough provided his dump trucks for T. I. Wood Enterprises, Inc.'s use under the terms of the Truck Rental Agreement for use in either

3

intrastate or interstate commerce, whichever was desired. The truck being operated by defendant Cleckner at the time of the collision was registered in the State of Tennessee and had obviously traveled from the state of Tennessee into the State of Georgia in order to perform the work on August 27, 2003 which is the subject matter of this litigation. (Plaintiff's Request for Admissions. Wood depo., Exhibit 21.)

The plaintiff has established through the undisputed evidence offered into the record that the two dump trucks at issue being operated by defendants Cleckner and Burnham had been inspected by the authorities on August 14, 2004, less than two weeks before the subject collision and were found to have numerous safety and mechanical defects. (Wood depo., Exhibits 21-22.) Even though these defects were known to exist, the vehicles continued to be operated without repair. When examined by the authorities after the subject collision, both dump trucks had numerous safety problems including brake problems. (Plaintiff's Exhibit A.) It is also undisputed that the two drivers (Cleckner and Burnham) were employed by defendant Yarbrough (and acting under dispatch to the lesser T. I. Wood Enterprises, Inc.) at the time of the collision and were acting within the scope of their employment under the lease agreement referenced.

## CONCLUSIONS OF LAW

Defendant Cleckner was following the Honda Civic being operated by Akil Nishica more closely than was reasonable and prudent at the same time defendant Burnham was following Cleckner's vehicle more closely than was reasonable and prudent, all in violation of O.C.G.A. § 40-6-49. This is evidence of negligence per se. Cox v. Cantrell, 181 Ga. App. 722, 353 S.E. 2d 582 (1987). Both defendants Cleckner and Burnham operated their vehicles at speeds greater than was reasonable under the traffic conditions present in violation of O.C.G.A. § 40-6-180. Their reckless

4

driving set into motion a series of events which resulted in the death of Melissa Kolencik. As one of their employers, defendant Jerry Yarbrough is vicariously liable for such negligence. Because the evidence of their negligence is at this point undisputed by the defendants and because the cause of the decedent's death is also undisputed, the Court finds that the negligence established by the plaintiff was a proximate cause of the death of Melissa Kolencik.

At the time of the subject incident defendant Jerry Yarbrough d/b/a J&J Trucking and Excavating was operating in interstate commerce as a motor carrier for hire. Accordingly, it was the duty of both the drivers and Mr. Yarbrough to effectuate the repairs and make sure that the vehicles were safe for operation. As established by the evidence in the record, the vehicles were not repaired and were still unsafe on August 27, 2003 when they were being operated by these drivers under the terms of the Truck Rental Agreement with T I Wood Enterprises, Inc. Since defendant Yarbrough d/b/a J&J Trucking and Excavation had a U S DOT number and had operated his trucks both in interstate and intrastate commerce, and because said trucks were made available under the terms of a Truck Rental Agreement for use in both interstate and intrastate commerce, the plaintiff has established that both the drivers and Mr. Yarbrough violated their duties under Federal law in making sure that the vehicles they operated were in safe and good working order. See 49 C F R § 392.7; 49 C.F R § 396 3, See Plaintiff's First Request for Admissions to defendant Yarbrough (Admitted per the Record.)

The Court finds that as of August 27, 2003 defendants Darlene Sue Cleckner and Kenneth Burnham were acting within the scope of their employment during the period of the referenced lease agreement as is alleged by the plaintiff. The Court further finds that the two dump trucks were unsafe for operation on the public highways of this state at the time of the subject incident, both

5

having been cited for numerous safety violations on August 14, 2003 and both again being inspected by the authorities following the subject collision where they were again found to have numerous mechanical and safety defects As regards the employer, Mr Yarbrough, this constitutes a violation of O C G A § 40-1-3

The plaintiff having carried his burden of proof and having established the combined and concurring negligence of these defendants and having established that the complained of negligence was a proximate cause of the death of Melissa Kolencik, the plaintiff's Motion for Partial Summary Judgment is hereby granted As plaintiff's damages are unliquidated, the Court directs the Clerk to place this case on the next available non-jury calendar so that plaintiff may establish his damages against the named defendants

IT IS SO ORDERED this 7th day of Oct, 2004

Robert Flournoy,
Judge, Superior Court of Cobb County
State of Georgia

6