IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ROBERT J. KOLENCIK, : | |
| Individually and as Administrator of : | |
| the Estate of Melissa Kolencik, : | |
| : | |
| Plaintiff, : | |
| : | CIVIL ACTION NO. |
| v. : | 1:04-CV-3507-JOF |
| : | |
| PROGRESSIVE PREFERRED : | |
| INSURANCE COMPANY, : | |
| : | |
| Defendant. : | |

**OPINION AND ORDER**

This matter is before the court on motion to withdraw as attorney [46-1] and Plaintiff's motion for reconsideration [48-1].

To briefly summarize the relevant history of the litigation, on August 27, 2003, Melissa Kolencik was killed when the vehicle she was driving was involved in an accident with two dump trucks operated by Kenneth Burnham and Darlene Sue Cleckner. Burnham and Cleckner were employees of Jerry Yarbrough, d/b/a J&J Trucking and Excavating. On the day of the accident, Burnham and Cleckner had been hauling dirt from Cartersville, Georgia to a dump site in Acworth, Georgia, for a company called T.I. Wood Enterprises, Inc. It is undisputed that at the time of the accident, T.I. Wood, itself, did not conduct any interstate

operations and did not have authority from the Department of Transportation to operate as an interstate motor carrier. T.I. Wood was insured by Progressive Preferred Insurance Company.

Plaintiff filed suit in the Superior Court of Cobb County against T.I. Wood Enterprises, Inc., Jerry Yarbrough, d/b/a J&J Trucking & Excavating and/or J&J Trucking & Excavating, Darlene Sue Cleckner, Kenneth Burnham, and Akil Nishica, Civil Action No. 04-1-00549-40. No judgment was entered with respect to T.I. Wood, and the state court judgment against the other defendants specifically noted that because the plaintiff had not sought summary judgment against T.I. Wood, T.I. Wood was "not required to counter plaintiff's showing and [is] not bound by the findings in this Order." *See* State Court Order, Superior Court of Cobb County, dated Oct. 7, 1994. Plaintiff secured total judgments in excess of $16 million against the various defendants. Plaintiff then initiated the instant action against Progressive to recover under its policy for T.I. Wood.

**Court's Order of March 17, 2006**

In its order granting in part and denying in part the parties' cross-motions for summary judgment, the court first held that T.I. Wood could be held liable for the actions of Burnham and Cleckner as "statutory employees" of T.I. Wood. The court next determined that coverage for Burnham and Cleckber did not arise out of Progressive's actual insurance policy for T.I. Wood, but rather arose out of the state public service endorsement attached to the insurance policy.

2

The court rejected Plaintiff's argument that coverage was provided through the federal MCS-90 endorsement which provides coverage only to motor common carriers engaged in interstate commerce. The court so held because it was "undisputed that at the time of the incident that both (1) T.I. Wood did not have federal authority to operate as an interstate carrier and (2) the trip involved on August 27, 2003 was purely intrastate." Order, dated March 17, 2006, at 15-16. The court specifically rejected Plaintiff's contention that a prior state court holding had already decided this issue:

> Plaintiff argues that the state court already determined that the dump trucks were engaged in interstate commerce and that Progressive is bound by that finding. Although Plaintiff did not attach the state court order discussing the interstate commerce issue, it appears from Plaintiff's excerpts that the state court's discussion involved safety regulations that might apply to the dump trucks. The court notes, however, that the concept of "interstate commerce" arises in a variety of statutory contexts, *see McLeod v. Threlkeld*, 319 U.S. 491, 495 (1943) ("There is no single concept of interstate commerce which can be applied to every federal statute regulating commerce"), thus, the state court's apparent conclusion that the dump trucks owned by J&J Trucking were within the scope of certain federal safety regulations, does not impact this court's analysis as to whether the MCS-90 endorsement applies to the dump trucks hauling dirt from Cartersville, Georgia to Acworth, Georgia.

*Id.* at 17 n.5.

AO 72A
(Rev.8/82)

> Notably, the court also held:
>
> In the alternative, Plaintiff's failure to secure a judgment against T.I. Wood at the state level would also preclude this court's application of federal law to Plaintiff's claim.  As the court in *White* noted, while a judgment against the insured motor carrier is not required under Georgia law, "by the terms of 49 U.S.C. § [10927(a)(2)], in order for [the insurance company] to be liable under the policy filed by [the insured] with the ICC, [the insured] must first be adjudicated liable as a party."  599 F.2d at 55.

*Id.* at 17.

Finally, the court concluded that because the coverage arose out of the state-required public service endorsement, coverage was limited to $100,000 per person suffering bodily injury or death.  The court rejected Plaintiff's argument that because two dump trucks were involved, the amount of coverage should double because the regulations specifically refer to "person" and not "vehicle" in listing the minimum coverage amounts.  The court also refused to double Plaintiff's recovery despite the fact that he sued in his capacity as executor of the deceased's estate and as surviving spouse.

**Motion for Reconsideration**

Plaintiff filed a motion for reconsideration arguing that the court improperly rejected its argument concerning the MCS-90 endorsement because the court failed to recognize Plaintiff had attached the state court's order to his complaint and not to his motion for summary judgment.  The court notes that – as accurately stated in footnote 5, set forth above – Plaintiff, indeed, did not attach the state court's order to its motion for summary judgment.

4

In fact, Plaintiff failed to indicate in the motion for summary judgment that the order was attached to Plaintiff's complaint.

None of this matters, however, but for the extent to which it provides a gateway through which Plaintiff may present his first argument for reconsideration. The court will permit Plaintiff to make this argument on reconsideration and addresses it below. However, Plaintiff's two other arguments for reconsideration have no such gateway and are purely re-arguments of matters fully briefed by the parties. It is axiomatic that a party may not argue on reconsideration simply that the court "got it wrong" the first time. For that reason, the court DENIES Plaintiff's motion for reconsideration as to whether coverage should double due to the fact that (2) two dump trucks were involved in the accident and (3) two "persons" were injured as a result of the accident, the Estate and Mr. Kolencik as heir-at-law and surviving spouse. As the court indicated in its previous order, the state mandated minimum requires coverage of $100,000 per "bodily injury to or death of one person."

The court now turns to the issue of interstate commerce. In its October 7, 2004 order, the state court held that on August 27, 2003, Mr. Yarbrough was operating in interstate commerce and had made available two dump trucks to T.I. Wood. The state court also noted that the dump truck operated by Cleckner was registered in Tennessee. Based on these findings, Plaintiff argues that Progressive is precluded from arguing that Yarbrough was not engaged in intrastate commerce. Plaintiff then argues that because these findings were made against Burnham and Cleckner, statutory employees of T.I. Wood, they are binding against T.I.

5

Wood and its insurer, Progressive. Therefore, Plaintiff argues, the federal MCS-90 endorsement for interstate commerce should also apply.

The court finds Plaintiff's argument without merit for several reasons. The state court made those findings as a precedent to determining that Yarbrough breached federal safety duties. As the court stated in its March 17, 2006 order, there are a myriad of statutory contexts for analyzing interstate commerce, and the one before this court is whether the MCS-90 endorsement would apply to an insurance dispute. More significantly, the state court specifically noted that because the plaintiff had not sought summary judgment against T.I. Wood, T.I. Wood was "not required to counter plaintiff's showing and [is] not bound by the findings in this Order." *See* State Court Order, Superior Court of Cobb County, dated Oct. 7, 1994. Thus, even if Plaintiff were correct and the state court's finding of interstate commerce would apply to insurance endorsements, it could not apply to T.I. Wood here. The state court specifically held that any findings it made could not be applied against T.I. Wood because Plaintiff did not move for summary judgment against T.I. Wood. Thus, *Ridgway v. Gulf Life Insurance Co.*, 578 F.2d 1026, 1029 (5th Cir. 1978), and *Atlanta Casualty Insurance Co. v. Gardenhire*, 248 Ga. App. 42 (2001), which determined that the employer was bound by findings made during proceedings against the statutory employee, are distinguishable.

Finally, the court found in the alternative that Plaintiff's MCS-90 action against T.I. Wood was precluded by 49 U.S.C. § 10927(a)(2) because Plaintiff failed to secure a judgment

against T.I. Wood at the state level. Thus, even were the court to accept Plaintiff's arguments concerning the interstate commerce findings made by the state court, the court nonetheless would still be unable to apply MCS-90 to Plaintiff's situation. For the foregoing reasons, the court DENIES Plaintiff's motion for reconsideration [48-1].

**Conclusion**

The court GRANTS Audrey Mitchell's motion to withdraw as attorney [46-1] and DENIES Plaintiff's motion for reconsideration [48-1].

**IT IS SO ORDERED** this 20th day of June 2006.

> s/ J. Owen Forrester
> J. OWEN FORRESTER
> SENIOR UNITED STATES DISTRICT JUDGE